UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

CMA CGM (AMERICA) LLC.,

                         Plaintiff,                                08-CV-1854 (DLI)(RER)

         -against-                            **REPORT &**
                                                                           **RECOMMENDATION**

PEEKAY INTERNATIONAL, INC,

                         Defendants.
------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

       Plaintiff CMA CGM (America) LLC ("CMA") brought this complaint against Defendant Peekay International, Inc. ("Peekay") under federal admiralty jurisdiction.[1] (Docket Entry 1.) CMA alleges that Peekay breached a contract for the shipment and delivery of 204 cartons containing primarily "Books, Photo Frames & Perfumed Incense Sticks," from Bangalore, India

---

[1] CMA filed its complaint on May 7, 2008 and served Peekay by way of service on the Secretary of the State of New York on May 28, 2008. (Docket Entries 1-2.) CMA's complaint alleged jurisdiction under the Ocean Shipping Reform Act of 1998 ("OSRA"), 46 U.S.C. §§ 40101 *et. seq.* ("Shipping Act"). (Docket Entry 5.) The Shipping Act, however, does not provide the federal courts with original subject matter jurisdiction. *Port Auth. of N.Y. & N.J. v. Maher Terminals, LLC.*, Civ. No. 08-2334, 2008 WL 2354945, at *3 (D.N.J. June 3, 2008) ("The provisions of the Shipping Act of 1984 do not give rise to federal question jurisdiction because the Shipping Act does not provide immediate access to federal district courts."). Complaints arising under the Shipping Act must first be filed with the Federal Maritime Commission ("FMC"), which CMA did not do, and must "alleg[e] [proper] violations of the Shipping Act." *See Maher Terminals*, 2008 WL 2354945, at *3. Luckily for CMA, the federal courts have admiralty jurisdiction for a breach of a shipping contract, *see Maersk, Inc. v. Int'l Commodities Transp. Servs., LLC.*, No. 00 Civ. 7747, 2004 U.S. Dist. LEXIS 549, at *4 (S.D.N.Y. Jan. 15, 2004), and look to a well-pleaded complaint to determine if "federal law creates the cause of action," *see Republic of Phil. v. Marcos*, 806 F.2d 344, 352 (2d Cir. 1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). CMA has alleged that Peekay has breached an international shipping contract. (*See* Docket Entry 1.) Therefore, I will consider CMA's action under admiralty jurisdiction.

to New York, N.Y. (Docket Entry 1, Schedule A.) CMA further alleges that Peekay has thus far failed to make any payments for the delivery of the goods. (Docket Entry 1.)

As a result of Peekay's failure to answer or otherwise defend against this action, CMA moved for a default judgment on July 7, 2008. Subsequently, the Clerk of the Court noted Peekay's default. (Docket Entry 5.) On July 11, 2008, the Honorable Dora L. Irizarry granted CMA's motion for default judgment and referred this matter to me for a report and recommendation on the issues of damages. (Docket Entry dated June 11, 2008.)

## DISCUSSION

I have carefully reviewed the complaint and CMA's submissions in support of its motion. (*See* Docket Entry 1; Docket Entry 4.) CMA has requested total damages in the amount of $3,242.97 which consists of $2,236 in liquidated damages, $396.97 in pre-judgment interest[2] and $610 in costs.[3] (Docket Entry 1.) For the reasons set forth below, I recommend that CMA be awarded $2,555 in total damages, interest and costs.

I.  Liquidated Damages

With entry of default judgment, a defendant is deemed to have admitted to all well pleaded allegations pertaining to liability; however a party's default judgment is "not considered an admission of damages." *See Greyhound Exhibitgroup Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A court may establish damages based on evidence presented at a hearing or upon review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P.

---

[2] CMA calculated the pre-judgment interest at rate of 6 percent which, I presume, was applied from July 22, 2005 (the date of delivery) to July 7, 2008 (the date of CMA's request for Default Judgment).

[3] The $610 in fees is composed of $350 for filing the complaint with the Clerk and $260 for service of process on the Secretary of the State.

55(b)(2); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

Here, CMA has presented both a detailed affidavit and documentary evidence of its liquidated damages. CMA has submitted a signed affidavit by Kelly Smith, CMA's Finance-Data Control Manager in the offices of Credit and Collection, which confirms that Peekay was the intended receiver of the goods delivered by CMA, and that Peekay has failed to pay the $2,236 in fees it owes to CMA. (Docket Entry 4 ¶ 2.) In addition, CMA has submitted a copy of a Bill of Lading in the amount of $2,236 which identifies Peekay as the party to be charged for delivery of the goods. (Docket Entry 1, Exhibit A.) Therefore, CMA has established its liquidated damages against Peekay in the amount of $2,236.

II.     Pre-Judgment Interest

CMA has requested pre-judgment interest at a rate of 6.0%, for a total of $396.97. (Docket Entry 1.) However, for the following reasons, I recommend that CMA receive pre-judgment interest at a rate of 4.5% which yields interest of $319. The assessment of pre-judgment interest is in the district court's discretion. *See N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 266 F.3d 112, 131 (2d Cir. 2001). "In admiralty cases prejudgment interest 'should be granted in the absence of exceptional circumstances.'" *Ingersoll Mill. Mach. Co. v. M/V Bodena*, 829 F.2d 293, 310 (2d Cir. 1987) (citing *Mitsui & Co. v. Am. Exp. Lines*, 636 F.2d 807, 823 (2d Cir.1981)). The interest rate of United States Treasury Bills is a good baseline for pre-judgment interest. *See N.Y. Marine*, 266 F.3d at 131. However, because the interest rate of Treasury-Bills is not constant, an average over the pre-judgment period is a fairer measure. *See Ingersoll*, 829 F.2d at 311 (holding that it is fair for a district court "[i]n exercising its discretion ...[to use the] average rate for [Treasury Bills] . . . because the rate . . . was subject to wide

fluctuation during those periods . . . .")**.**

Here, the interest rate of Treasury Bills has been roughly 3.0% over the relevant period. *See* Federal Reserve Statistical Release, *available at* http://www.federalreserve.gov/releases/h15. However, CMA has requested an interest rate of 6.0%, or double the average rate for Treasury Bills over the period. Since the rate of Treasury Bills is a baseline rate and the interest rate is within the Court's discretion, I recommend splitting the difference between CMA's requested rate and the average Treasury Bill rate. Therefore, I recommend an interest rate of 4.5% over the pre-judgment period. Applying an interest rate of 4.5% yields interest of $319.

III.     Fees and Costs

CMA has requested $610 in fees which comprises $350 for filing with the Clerk and $260 for service of process. (Docket Entry 4.) "[T]he general rule is that the award of fees and expenses in admiralty actions is discretionary with the district judge upon a finding of bad faith." *Ingersoll*, 829 F.2d at 309. Courts may also award fees if authorized by statute or if required by the contract between the parties. *See Ertel v. Nat'l Fire Adjustment Co., Inc.*, 152 F.R.D. 454, 458 (W.D.N.Y. 1993).

In the instant case, CMA's request for service of process fees and filing fees should be denied. CMA's case arises under admiralty jurisdiction and Peekay has not acted in bad faith. Moreover, CMA has not pointed to a statute that authorizes fees nor does the contract between CMA and Peekay authorize fees. Therefore, I recommend that CMA's request for fees should be denied.

<u>RECOMMENDATION</u>

For the reasons set forth above, I respectfully recommend that the Court award CMA $2,555 in damages against Peekay, comprising $2,236 in liquidated damages and $319 in pre-judgment interest. However, I recommend that CMA's request of $610 for costs should be denied. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Dora L. Irizarry within ten business days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). CMA is hereby directed to serve copies of this Report and Recommendation upon Peekay by personal service on the Secretary of State by next-day mail by October 24, 2008 and to promptly file proof of service with the Clerk of the Court.

**Dated: October 17, 2008**
      **Brooklyn, New York**

<u>*Ramon E. Reyes, Jr.*</u>
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**